UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

TREVOR DANIEL PIOTROWSKI,

        Plaintiff,                     Case No. 2:16-cv-251

v.                                            Honorable Gordon J. Quist

RICK SNYDER et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

### Factual Allegations

Plaintiff Trevor Daniel Piotrowski, a state prisoner currently confined at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Governor Rick Snyder and Pastor Melissa Scott. Plaintiff alleges that in

2010, while he was confined at the Ionia Correctional Facility, he became aware of the fact that he was the "Word of God in the flesh" and that his name was actually "Jesus the Christ of the Bible." Around the same time, Defendant Scott made an offer of marriage to Plaintiff via her television broadcast on ION TV.  Plaintiff responded to the offer by mailing a letter to Defendant Scott.  In the letter, Plaintiff proposed marriage to Defendant Scott.  Plaintiff states that Defendant Scott responded to his proposal the very next day on her show by removing her late husband's wedding ring from her finger and blowing a kiss at the television audience.  Approximately two years later, Plaintiff traveled by train to California to meet Defendant Scott.  However, Plaintiff was barred from entering the Faith Center and was unable to actually meet with Defendant Scott.

At some later date, while still in Los Angeles, Plaintiff wrote to Defendant Snyder to inform him of Plaintiff's status as Jesus, High Priest and Apostle.  Plaintiff was on parole at this time and was eventually arrested for absconding pursuant to a Michigan Governor's request.  While in a jail in Los Angeles, Plaintiff received a restraining order directing Plaintiff to cease all contact with Defendant Scott.  Plaintiff was eventually charged with the parole violation of threatening and intimidating behavior.  During the parole revocation hearing, evidence was presented showing that Plaintiff had sent Defendant Scott more than one-hundred love letters over the years, discussing marriage, church, and governmental issues.  Plaintiff's parole was revoked in 2014.  Since that time, Plaintiff has instituted numerous court filings informing various state officials of his capacity as the "Head of the Church, Apostle and High Priest Jesus and of his Republican status."  Plaintiff claims that Public Law 97-280, which proclaimed 1983 the Year of the Bible and was signed by President Ronald Reagan in 1982, gives Plaintiff authorization to take control of the government.  Plaintiff also claims that Defendant Scott is contractually obligated to marry him.

Plaintiff states that Defendants have violated his rights under the First, Fifth, and Thirteenth Amendments. Plaintiff seeks an order requiring Defendant Scott to marry him and requiring Defendant Snyder to allow Plaintiff and "His Elect" to take control of the government.

## Discussion

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the Court notes that Plaintiff has failed to allege any conduct on the part of either Defendant that actually violated Plaintiff's constitutional rights. Plaintiff does not have a constitutionally protected right to marry an unwilling party or to take over the government. In addition, Plaintiff's allegations appear to be entirely delusional. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99.

Plaintiff's allegations are plainly irrational and entirely lacking in merit. Plaintiff claims that he is Jesus incarnate and that Defendant Scott accepted his marriage proposal on her television show by removing her wedding ring and blowing a kiss to the studio audience. Plaintiff also claims that he is entitled to take over the government by virtue of his divinity. Accordingly,

the Court will dismiss Plaintiff's action because it is frivolous. *See Burnes v. Clinton*, No. 00-3208, 2000 WL 1800510, at *1 (6th Cir. Nov. 30, 2000) (complaint alleging that President Clinton and various other high-ranking federal officials were subjecting her to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous); *Graves v. Cohen*, No. 99-4476, 2000 WL 1720647, at *1 (6th Cir. Nov. 7, 2000) (plaintiff's claim concerning the AIDS virus being injected into the American population by the Pentagon was properly dismissed as frivolous); *Dowell v. Tennessee*, No. 92-6125, 1993 WL 169052, at *1 (6th Cir. May 18, 1993) (affirming district court's dismissal of claims of conspiracy to inflict emotional distress as fantastic and delusional).

Moreover, Plaintiff has not presented any allegations by which Defendant Scott's conduct could be fairly attributed to the State. Accordingly, because Defendant Scott is not a state actor, Plaintiff may not pursue a § 1983 claim against Defendant Scott. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Furthermore, Plaintiff's claims against Defendant Snyder, even if they were rational, do not implicate Plaintiff's rights under the United States Constitution. Plaintiff contends that Defendant Snyder is depriving him of his Fifth and Fourteenth Amendment due process right to continued employment by God. However, while the Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities, the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government. *Scott v. Clay County, Tennessee*, 205 F.3d 867, 873 n. 8 (6th Cir. 2000). Therefore, because the Defendant Snyder is a state actor, plaintiff's Fifth Amendment claims are without merit.

In addition, the Sixth Circuit has consistently found that prisoners have no constitutionally protected liberty interest in employment under the Fourteenth Amendment. *See,*

*e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Carter v. Tucker*, No. 03-5021, 2003 WL 21518730, at *2 (6th Cir. July 1, 2003) (same). Under these authorities, Plaintiff fails to state a due process claim against Defendant Snyder.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  December 7, 2016                              /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE